**Mesach Yan Gani HASIBUAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–77068.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 5, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Thomas S. Prince, Pomona, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Joanne E. Johnson, Anh–Thu P. Mai, OIL, Arthur L. Rabin, Annette M. Wietecha, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Mesach Yan Gani Hasibuan, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Hasibuan filed his asylum

application within a reasonable time period after learning that he received ineffective assistance of counsel. *See Husyev v. Mukasey*, 528 F.3d 1172, 1181–82 (9th Cir. 2008). Accordingly, Hasibuan's asylum claim fails.

We lack jurisdiction to review Hasibuan's due process and equal protection challenges to the one-year bar because he failed to exhaust them before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

Substantial evidence supports the agency's determination that the harm Hasibuan suffered did not rise to the level of past persecution. *See Nagoulko*, 333 F.3d at 1016–18. Furthermore, even if the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927–29 (9th Cir. 2004) applies to Christian Indonesians seeking withholding of removal, Hasibuan failed to demonstrate that it was more likely than not he will be persecuted if he returned to Indonesia. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir. 2003). Additionally, the record does not compel the conclusion that the religious strife in Indonesia amounts to a pattern or practice of persecution against Christian Indonesians. *See Lolong v. Gonzales*, 484 F.3d 1173, 1181 (9th Cir.2007) (en banc).

Because Hasibuan failed to include any argument concerning his CAT claim in his opening brief, he has waived the issue. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.